IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Maria Peter; Michael Peter; Julika Berger; and Jarolin Berger,<br><br>   Plaintiffs,<br><br>vs.<br><br>Susan Diane Wojcicki; William Henry Gates; Stephane Bancel; and Albert Bourla,<br><br>   Defendants. | Case No.: 2:22-cv-00254-JD-MGB<br><br>**OPINION & ORDER** |

This matter is before the Court with the Report and Recommendation of United States Magistrate Mary Gordon Baker ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Maria Peter, Michael Peter, Julika Berger, and Jarolin Berger (collectively "Plaintiffs"), proceeding *pro se*, brought this action on January 26, 2022, against Susan Diane Wojcicki, CEO of YouTube; William Henry Gates, Co-Chair of the Bill & Melinda Gates Foundation ("BMGF"); Stephane Bancel, CEO of Moderna Therapeutics, Inc. ("Moderna"); and Albert Bourla, CEO of Pfizer, Inc. ("Pfizer") (collectively "Defendants"), alleging negligence in relation to the COVID-19 pandemic. (DE 1.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Report and Recommendation was issued on February 7, 2022, recommending that Plaintiffs' allegations be dismissed as frivolous and for failure to state a plausible claim upon which relief may be granted.[2] (DE 5.)

Plaintiffs filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that this action is summarily dismissed without prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

March 16, 2022
Greenville, South Carolina

---

[2] The Report notes at the incoherent, nonsensical nature of Plaintiffs' Complaint makes it difficult to discern the true causes of action underlying this case. (DE 5, p. 1.) Nevertheless, the Report considered Plaintiffs' claims under the more liberal *pro se* pleading standard and still recommended dismissal on several grounds: lack of standing, improper venue (Plaintiffs reside in Germany and Austria), lack of an actionable claim, and as being frivolous. (DE 5.)

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.